# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILLIE F. QUARTERMAN, JR., ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV414-204 <br> CR498-141 |

## REPORT AND RECOMMENDATION

Willie Quarterman, Jr., has submitted for filing his second 28 U.S.C. § 2255 motion attacking his 1999 conviction and 151-month sentence for distribution of cocaine. (Doc. 1); *see Quarterman v. United States*, No. CV406-087 (S.D. Ga. Oct. 19, 2006) (first § 2255 motion). This time he cites *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013) (certain Sentencing Guidelines errors that were already litigated at trial and on direct appeal may again be litigated in an initial § 2255 proceeding where an intervening Supreme Court decision, given retroactive effect, validates the litigant's arguments). (Doc. 1.) Movant insists that his sentence was contrary to law under *Begay v. United States*, 553 U.S. 137 (2013), a case

that narrowed one portion of the crime-of-violence definition applied under the Armed Career Criminal Act to "crimes that are roughly similar, in kind as well as in degree of risk posed," to examples specifically listed in the statute (the listed crimes are burglary, arson, extortion, and use of explosives). *Id.* at 143.

*Spencer* has since been vacated for rehearing *en banc*, but the new decision has yet to issue. Regardless, it does not allow Quarterman to make an end-run around the rule that serial § 2255 filers first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).[1] Movant has already filed a § 2255 motion, and *Spencer* is "not available for second and subsequent motions." 727 F.3d at 1091.

Even if he could assert a *Begay* claim here, it would fail. Quarterman was sentenced as a career offender under U.S.S.G. § 4B1.1, not the Armed Career Criminal Act ("A.C.C.A."), though the Guidelines' "crime of violence" enhancement is routinely deemed to mean the same as

---

[1] In fact, this Court *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

"violent felony" under the A.C.C.A. *See, e.g., James v. United States,* 550 U.S. 192, 206 (2007) ("closely tracks"); *United States v. Chitwood,* 676 F.3d 971, 975 n. 2 (11th Cir. 2012) ("substantially the same"). Quarterman's enhancement was based, in part, upon his conviction for carrying a concealed weapon. (Presentence Investigation Report ("PSI") at 6.) The Eleventh Circuit announced in *United States v. Archer,* 531 F.3d 1347 (2008), that the crime of carrying a concealed weapon "may no longer be considered a crime of violence under the Sentencing Guidelines" in light of *Begay. Id.* at 1352. But it makes no difference at all here. Quarterman's base offense level was 32, the same as the enhanced offense level under U.S.S.G. § 4B1.1. (PSI at 6.) Under either rubric, his total offense level was 29 after acceptance of responsibility. (*Id.* at 7.) Similarly, his criminal history was already level VI, so the enhancement changed nothing. (*Id.* at 10.) He was also sentenced at the very low end of the guideline range. (*Id.* at 12 (sentencing range was 151-188 months).) Under these facts, it is simply irrelevant whether or not the career offender enhancement was improper.[2]

---

[2] It most likely was not improper, given his extensive criminal history. Quarterman was convicted of aggravated assault for shooting a man twice in the buttocks and once in the chest, aggravated sexual battery for forcing a woman into the ocean at Tybee Island's beach and then penetrating her vagina with his fingers while

3

Because Quarterman has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Additionally, applying the Certificate of Appealability ("COA") standards the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24TH day of September, 2014.

／s／ *M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

she begged him to stop, and child molestation for repeatedly having sex with a young girl "since she was 12 years old." (PSI at 7-10.)