# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE F. QUARTERMAN, JR., | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-035 |
| | ) | CR498-141 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Willie F. Quarterman, Jr. invokes 28 U.S.C. § 2255 to attack his 1999 conviction and 151-month sentence for distribution of cocaine. CR498-141, doc. 314. He has rung the § 2255 bell before. *See* doc. 217 (filed September 1, 2000); doc. 235 (advising denial because it included claims that should have been raised in a 28 U.S.C. § 2254 petition), *adopted*, 238 (Feb. 26, 2001); doc. 303 (§ 2255 motion filed Sept. 18, 2014), doc. 305 (denying on successiveness grounds, alternatively on the merits), *adopted*, doc. 309 (Oct. 20, 2014). This time, he points to a 2014 Eleventh Circuit ruling (doc. 314 at 6) to show that his year 2000-filed § 2255 motion did not support this Court's 2014 successiveness ruling. Hence, he concludes, this Court's denial of his 2014-filed § 2255 motion was

erroneous. That, in turn, should not result in a successiveness-based dismissal of this latest § 2255 motion. Doc. 314 at 1, 6-7. He contends that, with that procedural air cleared, this Court should accept his *Johnson* claim[1] and reduce his sentence. Doc. 314 at 1-3; *see also* doc. 315 (he moves for appointment of counsel); doc. 316 (his "supplemental authority" filing in which he cites *Mays v. United States*, ___ F.3d ___,

---

[1] *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557-58 (2015) (sentencing enhancements imposed under the Armed Career Criminal Act's (ACCA's) residual clause violate due process). Under the ACCA, a felon convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) who has "three prior convictions . . . for a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e)(1), faces enhanced penalties. Plain vanilla felon-in-possession convictions face a maximum 120-month sentence, *see* 18 U.S.C. § 922(a)(2), while ACCA-enhanced convictions fetch a 15-year (180-month) minimum and a maximum of life. 18 U.S.C. § 924(e)(1).

*Johnson* invalidated what's known as the statute's "residual clause" -- the clause defining an ACCA "violent felony" as including "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . . ." 18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson*, 135 S. Ct. at 2560 ("Invoking so shapeless a provision to condemn someone to prison for 15 years to life" violates the Fifth Amendment's prohibition on vague criminal laws); *McClouden v. United States*, 2016 WL 775831 at * 6 (S.D. Ga. Feb. 25, 2016).

But it did not call into question enhancements predicated on convictions under the ACCA's first two clauses, the "elements" and "enumerated" clauses. *Johnson*, 135 S. Ct. at 2563. After *Johnson*, then, no federal defendant can receive more than ten years if at least one of his ACCA-predicate convictions are counted only under the residual clause. But enhancements based on non-residual clause offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*); *McClouden*, 2016 WL 775831 at * 7 ("Burglary is a specifically enumerated offense pursuant to Section 924(e)(2)(B)(ii) and thus, does not fall within the scope of that Section's residual clause"). And Sentencing Guideline enhancements are also unaffected. *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).

2

2016 WL 1211420 at *6 (11th Cir. Mar. 29, 2016) to contend that *Johnson* is retroactively available -- he filed this before the Supreme Court issued *Welch v. United States*, ___ U.S. ___, 2016 WL 1551144 (Apr. 18, 2016) (*Johnson* applies retroactively)).

Even assuming *arguendo* no successiveness issue exists at this juncture, Quarterman's latest § 2255 motion nevertheless must be denied. As the Court explained in 2014:

> Quarterman was sentenced as a career offender under U.S.S.G. § 4B1.1, *not* the Armed Career Criminal Act ("A.C.C.A."), though the Guidelines' "crime of violence" enhancement is routinely deemed to mean the same as "violent felony" under the A.C.C.A. *See, e.g.*, *James v. United States*, 550 U.S. 192, 206 (2007) ("closely tracks"); *United States v. Chitwood*, 676 F.3d 971, 975 n. 2 (11th Cir. 2012) ("substantially the same"). Quarterman's enhancement was based, in part, upon his conviction for carrying a concealed weapon. (Presentence Investigation Report ("PSI") at 6.) The Eleventh Circuit announced in *United States v. Archer*, 531 F.3d 1347 (2008), that the crime of carrying a concealed weapon "may no longer be considered a crime of violence under the Sentencing Guidelines" in light of [*Begay v. United States*, 553 U.S. 137 (2013)]. *Id.* at 1352. But it makes no difference at all here. Quarterman's base offense level was 32, the same as the enhanced offense level under U.S.S.G. § 4B1.1. (PSI at 6.) Under either rubric, his total offense level was 29 after acceptance of responsibility. (*Id.* at 7.) Similarly, his criminal history was already level VI, *so the enhancement changed nothing.* (*Id.* at 10.) He was also sentenced at the very low end of the guideline range. (*Id.* at 12 (sentencing range was 151-188 months).) Under these facts, it is simply irrelevant whether or not

the career offender enhancement was improper.[2]

Doc. 305 at 2-3 (emphasis added).

Quarterman simply ignores that in his latest § 2255 motion. For that matter, he admits that his enhancement was based on the Sentencing Guidelines. Indeed, he even argues that "the residual clause of U.S.S.G. 4B1.2(b) is unconstitutional" per *Johnson*. Doc. 314 at 2. But that argument was rejected by *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015); *accord Garrett v. United States*, 2016 WL 1296183 at * 5 (S.D. Ga. Mar. 30, 2016). "*Johnson* is limited to criminal statutes that define elements of a crime or fix punishments and does not apply to the advisory sentencing guidelines that do neither." *Denson v. United States*, 804 F.3d 1339, 1343 (11th Cir. 2015) (quotes and cite omitted); *United States v. Collins*, 624 F. App'x. 725, 726 (11th Cir. 2015) (same).

Accordingly, Quaterman's latest § 2255 motion must be **DENIED** on the merits. Normally, in applying the Certificate of Appealability ("COA") standards, the Court would be inclined to discern a COA-worthy

---

[2] It most likely was not improper, given his extensive criminal history. Quarterman was convicted of aggravated assault for shooting a man twice in the buttocks and once in the chest, aggravated sexual battery for forcing a woman into the ocean at Tybee Island's beach and then penetrating her vagina with his fingers while she begged him to stop, and child molestation for repeatedly having sex with a young girl "since she was 12 years old." PSI at 7-10.

4

issue supported by the concurrence to *In re Robinson*, \_\_ F.3d \_\_, 2016 WL 1583616 at * 2 (11th Cir. April 19, 2016). There the concurring judge argued that:

> *Matchett* was wrongly decided. All ten of the other courts of appeals that have decided this question have either held or assumed that *Matchett* is incorrect. *See United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016); *United States v. Welch*, No. 12-4402 (2d Cir. Feb. 11, 2016); *United States v. Townsend*, No. 14-3652 (3d Cir. Dec. 23, 2015); *United States v. Frazier*, 621 F. App'x 166 (4th Cir. 2015); *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015); *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015); *United States v. Benavides*, 617 F. App'x 790 (9th Cir. 2015); *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). Some courts have also granted applications to file second or successive § 2255 motions challenging advisory § 4B1.2 sentences based on *Johnson*. *See, e.g., Swanson v. United States*, No. 15-2776 (7th Cir. Sept. 4, 2015). And where district courts have been able to decide the issue, they have begun to hold that *Johnson* applies to advisory § 4B1.2 sentences in § 2255 cases. *See, e.g., United States v. Dean*, No. 3:13-CR-137, 2016 WL 1060229 (D. Or. Mar. 15, 2016). I believe our Court should be granting leave to file § 2255 motions in these cases as well.

*Id.*

But again, even assuming that: (a) there is no successiveness bar here; and (b) *Matchett* could somehow be disregarded, "the enhancement [here] changed nothing." Doc. 305 at 3. A COA therefore should not issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898

(5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Rule 11(a) of the Rules Governing Section 2255 Proceedings ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."). Finally, the Court **DENIES** Quarterman's motion for appointment of counsel.[3] Doc. 315.

**SO REPORTED AND RECOMMENDED,** this  25th  day of April, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] There is no constitutional right to counsel when collaterally attacking a conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). Nor is there any rule-based right unless Quarterman can show that appointment is necessary for effective discovery or that a hearing is required. *See* Rules 6 & 8, Rules Governing § 2255 Proceedings. He has failed to make that showing.