# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILLIE FRANK QUARTERMAN, JR., ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) | Case No. CV416-167 <br> CR498-141 |

## REPORT AND RECOMMENDATION

On May 9, 2016, this Court dismissed Willie Frank Quarterman, Jr.'s 28 U.S.C. § 2255 motion as successive, but also on the merits. *See, e.g.*, CR498-141, doc. 317, *adopted*, doc. 320 & 321. In so doing, it granted his own motion to dismiss. Doc. 320 at 2. For good measure, it directed transfer to the Eleventh Circuit. *Id.* at 2. On May 26, 2016, that court ruled that his § 2255 motion was not successive because earlier § 2255 dismissals had not been on the merits:

> Therefore, Quarterman has never had a first § 2255 motion within the meaning of [28 U.S.C.] § 2255(h), and he does not need this Court's permission to file a § 2255 motion in the district court. Quarterman's proposed § 2255 motion is not second or successive for purposes of the Antiterrorism and Effective Death Penalty Act of 1996. His consolidated application for leave to file a second or successive motion is hereby DENIED AS UNNECESSARY.

*In re Quarterman*, No. 16-12017-J & 16-12257-J at 4 (11th Cir. May 26, 2016); *see also* doc. 323 at 7-10 (copy of that ruling).

Quarterman thus returned to this Court with a new § 2255 motion, screened here under § 2255 Rule 4. Doc. 322. As he did with his last § 2255 motion, he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), to neutralize the enhanced (151-month) sentence he received for distribution of cocaine. Doc. 323 (supporting brief) at 1-4; *see also* doc. 314 (his prior § 2255 motion). The Court reiterates its prior ruling on the merits in advising that it should be **DENIED** on the merits. Doc. 317 at 3-4 (applying *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015)).

Accordingly, Willie Frank Quarterman, Jr.'s § 2255 motion should be **DENIED**. Doc. 322. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The

district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  29th  day of June, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA